UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON HART,

                Plaintiff,

  -v-                                    CIVIL ACTION NO. 25 Civ. 781 (KPF) (SLC)

FEDERAL BUREAU OF INVESTIGATION, et al.,      **ORDER**

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

This is one of three civil actions pro se Plaintiff Brandon Hart ("Mr. Hart") has filed against the Federal Bureau of Investigation ("FBI") and several current and former federal officials. Now before the Court are (1) a 392-page submission Mr. Hart has entitled "Addendum to Complaint & Motion to Compel, Motion for a Hearing and Sworn Affidavit" (ECF No. 28) and (2) what Mr. Hart calls a "Motion for Protective Order" (ECF No. 29). We construe these filings, respectively, as a Motion for Leave to Amend (ECF No. 28) and a Motion for an Expedited Hearing (ECF No. 29). For the reasons stated below, the Court grants Mr. Hart leave to file a proposed amended complaint but denies his other requests.

## II. BACKGROUND

In May 2024, Mr. Hart sued the FBI in North Carolina state court, alleging that "unspecified actors have threatened or attempted to cause harm to himself, his business, and one or more of his family members over a period of years stretching back to 1997, and [that] the FBI failed to investigate these matters or otherwise assist him in some way." See Hart v. FBI, et al., No. 24 Civ. 500 (MOC) (SCR) (W.D.N.C.) (the "N.C. Action"), ECF No. 10 at 1–2. On

August 30, 2024, the Honorable Max O. Cogburn of the United States District Court for the Western District of North Carolina—to which the Government had removed the N.C. Action from state court—granted the Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) based on Mr. Hart's failure to administratively exhaust his claims and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Id. at 4–5. On October 1, 2024, Mr. Hart filed suit in this Court, raising claims nearly identical to those raised in the N.C. Action. See Hart v. FBI, et al., No. 24 Civ. 7423 (LGS) (SLC) (S.D.N.Y.) ("S.D.N.Y. I"). On April 7, 2025, the Honorable Lorna G. Schofield adopted the undersigned's report and recommendation to dismiss S.D.N.Y. I for Mr. Hart's failure to serve defendants as required by the Federal Rules of Civil Procedure. S.D.N.Y. I, ECF No. 28.

On January 27, 2025, Mr. Hart filed this action ("S.D.N.Y. II"), which further duplicates the claims raised in the N.C. Action and S.D.N.Y. I. (See ECF No. 1 (the "Complaint")). On April 10, 2025, Mr. Hart filed the Motion for Leave to Amend, through which he seeks to amend the Complaint to include claims against Jonathan M. Warren ("Mr. Warren"), who is an Assistant United States Attorney in the Western District of North Carolina. (ECF No. 28 at 1–47). In addition, the Motion to Amend contains (1) a "Sworn Affidavit" that sets forth 21 reasons Mr. Hart believes the Court should hold a hearing regarding his claims in this suit and the dismissal of his previous actions (see id.); (2) a series of questions that Mr. Hart requests the Department of Justice be compelled to answer (id. at 48 –74); (3) several exhibits apparently meant to be filed in S.D.N.Y. I, including one evincing Mr. Hart's belief that he has been poisoned by the unidentified figures he claims have tampered in his business affairs (id. at 80–380); and (4) a statement summarizing the alleged malfeasance he has faced (id. at 381–90).

On April 16, 2025, Mr. Hart filed the Motion for an Expedited Hearing, in which he expresses concern for his safety and that of his family and reiterates many of the allegations contained in the Complaint. (ECF No. 29 at 1–12).

### III. STANDARD OF REVIEW

#### A. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consequently, "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of N.Y., 210 F.3d 79, 87 (2d Cir. 2000).

A proposed amended complaint may be denied as futile if it fails to abide by the requirements of Federal Rule of Civil Procedure 8 ("Rule 8"), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) ("When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial [pursuant to Rule 12(f)] . . . or to dismiss the complaint."); Palumbo v. Ross, No. 07 Civ. 5378 (JS) (ETB), 2009 WL 10708951, at *9 (E.D.N.Y. Feb. 19, 2009) (denying motion for leave to amend because proposed amended complaint did not comply with Rule 8 and therefore "[could] not be submitted in its current form").

Consistent with Rule 8's requirement that a complaint contain a short and plain statement of claims, plaintiffs should not draft complaints that are overly lengthy or contain unnecessary

details.  See Salahuddin, 861 F.2d at 42.  In addition, a plaintiff—even one proceeding pro se—cannot "simply dump a stack of exhibits on the court and expect [it] to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim."  Carmel v. CSH & C, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014).  Doing so "places an unjustified burden on the court and the party who must respond to [the complaint] because they are forced to select the relevant material from a mass of verbiage[.]"  Salahuddin, 861 F.2d at 42.

District courts within the Second Circuit are obliged to construe pro se drafted pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).  The "special solicitude" owed to pro se pleadings, however, is not without limits.  Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994).  Indeed, every complaint, whether drafted by an attorney or an individual proceeding pro se, must comply with the Federal Rules of Civil Procedure.  See Crichlow v. Annucci, No. 18 Civ. 3222 (PMH), 2021 WL 3146241, at *2 (S.D.N.Y. July 23, 2021) ("All litigants, even pro se litigants, must comply with Rule 8(a).").  When a court chooses to dismiss a complaint pursuant to Rule 8, it should normally grant leave to file an amended pleading that conforms to the requirements of the Federal Rules.  Salahuddin, 861. F.2d at 42.

B. **Service of Process and Federal Rules of Civil Procedure 4(i) and 4(m)**

Federal Rule of Civil Procedure 4(i) ("Rule 4(i)") governs service of process on the United States.  See Fed. R. Civ. P. 4(i).  It states that a party must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or (2)

4

send copies of the summons and complaint by registered or certified mail to (i) the civil process clerk at the United States attorney's office and (ii) the Attorney General of the United States at Washington D.C.  Id.

Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"), meanwhile, requires plaintiffs to serve defendants within 90 days of the filing of a complaint.  See Fed. R. Civ. P. 4(m).  Under this rule, "on motion or on its own after notice to the plaintiff[, the Court] must dismiss [an] action without prejudice against" any defendants not served in the 90-day window the rule provides.  Id.

### IV. DISCUSSION

For the reasons discussed below, we conclude that the Complaint and Motion for Leave to Amend each fail to abide by Rule 8.  Consequently, we will direct Mr. Hart to file a new proposed amended complaint.  If that pleading satisfies Rule 8, we will extend Mr. Hart's deadline to serve Defendants.

#### A. Amendment of the Complaint

We start with a review of the Complaint, which is over 200 pages long and appears to consist of excerpts of the complaints filed in the N.C. Action (ECF No. 1 at 135–172) and S.D.N.Y. I (id. at 1–89) as well as a newly drafted section containing information about events arising "Since Brandon Hart Submitted [S.D.N.Y. I]" (id. at 90–134).  The Complaint contains several unbroken and single-spaced walls of text and routinely diverts from Mr. Hart's main allegation—that the FBI failed to investigate or prevent the harms he was facing—by discussing events in Mr. Hart's personal life or attempting to bolster his credibility (see, e.g., id. at 10–14 (stating that "its [sic] important to have a snapshot of my resume and who I am" followed by several photos of Mr. Hart)).  The Complaint, in other words, plainly fails to offer a "short and plain statement" of

5

Mr. Hart's claims and therefore fails to comply with Rule 8.  See, e.g., Johnson v. State of New York Corporate, No. 24 Civ. 3922 (LTS), 2024 WL 4028053, at *4 (S.D.N.Y. Aug. 27, 2024) (finding that a complaint violated Rule 8 because it "present[ed] disjointed, extraneous, and confusing information . . . and attachments, including pleadings from other lawsuits that [the plaintiff] ha[d] filed, making it difficult for the Court to discern the specific incidents that [we]re the bases for the alleged violation of [the plaintiff's] rights").

Mr. Hart has compounded this problem by filing the Motion for Leave to Amend, which is even longer than the Complaint and requests various forms of unrelated relief that would be better addressed through several motions rather than one.  For instance, Mr. Hart requests to add claims against Mr. Warren but also seeks an order compelling the Government to respond to his discovery requests.  (See generally ECF No. 28).  These commingled requests muddy the waters rather than clarify the nature of Mr. Hart's claims in this action.

Although no Defendants have yet appeared, it would not be reasonable or fair to require them to assess Mr. Hart's pleadings in their current form.  See Carmel, 32 F. Supp. 36 at 434.  Aware of its duty to offer Mr. Hart deference in light of his pro se status, see Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002), the Court will grant the Motion for Leave to Amend to the extent it will permit Mr. Hart to file another proposed amended complaint.  Mr. Hart, however, should not file another overlength and disorganized collection of documents.  Instead, he must submit a single amended complaint that (1) contains all of the facts supporting his claims and (2) complies with the Federal Rules of Civil Procedure as described above.  See Miller v. Abusive Members Within City (State) of New York, No. 19 Civ. 10904 (CM), 2020 WL 917258, at *3 (S.D.N.Y. Feb. 25, 2020) ("The Court dismisses this action without

prejudice to Plaintiff's filing an amended complaint in compliance with Rules 8 and 20 of the Federal Rules of Civil Procedure within 30 days of the date of this order.").

In other words, to comply with this Order, Mr. Hart must file a single proposed amended complaint containing a "short and plain statement" of his claims and focusing on what he alleges happened to him, who he claims is responsible, why he believes those individuals are responsible, and how he has been affected. The proposed amended complaint should not focus on aspects of Mr. Hart's personal life that are unrelated to the allegations he raises against the FBI and federal officials, and Mr. Hart should not say in 200 pages what can be said in 20. Finally, although Mr. Hart may file exhibits with any proposed amended complaint, he should not expect the Court or Defendants to interpret them in an effort to articulate or manufacture claims for him.

### B. Service of Process

As to service of process, we observe that Mr. Hart's deadline to serve Defendants is currently Monday, April 28, 2025—90 days after Mr. Hart filed the Complaint. See Fed. R. Civ. P. 4(m). In setting Mr. Hart's deadline to file a proposed amended complaint after this date, we recognize that Mr. Hart will require an extension to his deadline to effect service. Accordingly, once Mr. Hart files a proposed amended complaint as described above, the Court will assess it and determine whether it complies with Rule 8. If it does, the Court will extend Mr. Hart's deadline to properly serve all of the Defendants he names in the amended complaint. See Dean v. Stonybrook Southampton Hosp., No. 24 Civ. 2654 (NJC) (ST), 2024 WL 5108160, at *1 (E.D.N.Y. Dec. 13, 2024) (recounting procedural history of case, noting sua sponte decision "to extend the deadline for service of process in accordance with Rule 4(m)" "due to Plaintiff's pro se status"). Because Mr. Hart seeks to sue officers of the federal government, he must comply with Rule 4(i)

to properly serve them. Specifically, he must (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" or (2) send copies of the summons and complaint by registered or certified mail to (i) the civil process clerk at the United States attorney's office and (ii) the Attorney General of the United States at Washington D.C. Fed. R. Civ. P 4(i).

### C. Mr. Hart's Requests to Compel Discovery and for an Expedited Hearing

Finally, consistent with the fact that no Defendant has yet appeared in this action, the Court denies Mr. Hart's request to compel Defendants to respond to discovery requests—or to hold a conference about any such requests—as premature. See, e.g., Akande v. Philips, 386 F. Supp. 3d 281, 298 (W.D.N.Y. 2019) (denying as premature a pro se plaintiff's request for subpoenas where a defendant "ha[d] not yet appeared and a Rule 26(f) conference ha[d] not been held"); Therrien v. Martin, No. 07 Civ. 1285 (JCH), 2007 WL 3269745, at *2 (D. Conn. Oct. 31, 2007) (stating in context of pro se initiated case that, "[u]ntil service is effected, the defendants are not required to respond to discovery requests").

### V. CONCLUSION

By **Friday, May 23, 2025**, Mr. Hart shall file a single proposed amended complaint consistent with the instructions above. The Court will assess the proposed amended complaint for compliance with Rule 8. If the Court accepts the proposed amended complaint, that pleading will replace the original Complaint, and Defendants will be required to respond only to the allegations and claims raised in the amended complaint. The Court will then extend Mr. Hart's deadline to serve Defendants to an appropriate date. If Mr. Hart does not file an amended complaint or otherwise respond to this Order, the undersigned will recommend that the

8

Honorable Katherine Polk Failla dismiss this action for failure to prosecute and/or failure to state a claim.  See Miller, 2020 WL 917258, at *2 ("Because Plaintiff's complaint does comply with Rule 8, it does not state a claim.  The Court therefore dismisses this action for failure to state a claim on which relief may be granted.").

    The Clerk of Court is respectfully directed to close ECF Nos. 28 and 29 and to mail a copy of this Order to Mr. Hart.

Dated:    New York, New York
          April 22, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**