UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON HART,<br><br>                    Plaintiff,<br><br>      -v-<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 25 Civ. 781 (KPF) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge.

On April 22, 2025, the Court issued an Order assessing pro se Plaintiff Brandon Hart's ("Mr. Hart") filings in this action and, more broadly, his recent efforts to file related claims across state and federal courts in North Carolina and New York. (See ECF No. 32 (the "Apr. 22 Order")). The Apr. 22 Order highlighted several deficiencies in Mr. Hart's filings and set a May 23, 2025 deadline for Mr. Hart to file a single proposed amended complaint that fixes the problems the Court identified. (Id. at 8–9). We need not duplicate the analysis in this Order but note that the Apr. 22 Order discussed the requirement that a complaint offer a "short and plain statement" of a plaintiff's claims and encouraged Mr. Hart to be more succinct in his anticipated proposed amended complaint. (Id. at 5–9). We incorporate by reference the background set forth in the Apr. 22 Order.

On April 23, 2025 Mr. Hart filed yet another document, this one entitled "Second Request – Motion for Protective Order[.]" (See ECF No. 33 (the "Motion")). The Motion suffers from many of the defects the Court has identified in Mr. Hart's other submissions—it is 47 pages long, attempts to add yet more claims in this suit, and diverts from the factual narrative relevant to Mr. Hart's original claim that the Federal Bureau of Investigation failed to intervene or investigate

wrongdoing he claims to have suffered since 1997.[1]  In other words, Mr. Hart may be attempting to amend his Complaint, but if so, this submission fails to comply with Federal Rules of Civil Procedure.  (See ECF No. 32 at 3–4, 5–7).  We encourage Mr. Hart to carefully read the Apr. 22 Order and to follow its instructions to ensure that any future filings do comply.

The Motion also troublingly includes personally identifying information of Mr. Hart and a non-party.  (See, e.g., ECF No. 33 at 27, 46).  We conclude that protecting the personally identifying information of Mr. Hart and the non-party overcomes the presumptive right of the public's access to materials filed on the docket.  See United States v. M/Y Amadea, No. 23 Civ. 9304 (DEH), 2024 WL 2964867, at *1 (S.D.N.Y. June 12, 2024) ("Although materials [filed on the docket] are subject to a public right of access, that right is qualified and may be overcome by competing considerations, such as protecting the personally identifying information of non-parties."); Martinez v. City of New York, No. 16 Civ. 79 (RPK) (CLP), 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) ("Privacy interests of nonparties also justify the redaction of all nonparty names, addresses, and other personally identifiable information[.]"); Jones v. Falco, No. 20 Civ. 3485 (VB), 2022 WL 3668358, at *7, n.7 (S.D.N.Y. Aug. 25, 2025) (sealing records sua sponte to protect plaintiff's privacy).  Accordingly, we will direct the Clerk of Court to seal the Motion to ensure protection of this information.

Consistent with the above, the Court orders as follows:

---

[1] At one point in the Motion, Mr. Hart describes his time as a basketball referee, apparently as a metaphor for showing his understanding that Defendants are not "guilty . . . until proven guilty."  (ECF No. 33 at 8–9).  This is an example of what the proposed amended complaint should not include.  Instead, as stated in the Apr. 22 Order, Mr. Hart should focus simply on "what he alleges happened to him, who he claims is responsible, why he believes those individuals are responsible, and how he has been affected."  (ECF No. 32 at 7).

2

1. Mr. Hart's Motion is DENIED for failure to abide by Federal Rule of Civil Procedure 8, for the reasons set forth in the Apr. 22 Order.

2. As explained in the Apr. 22 Order, by **Friday, May 23, 2025**, Mr. Hart shall file a single proposed amended complaint consistent with the Court's instructions. The Court will assess any proposed amended complaint for compliance with Rule 8. If the Court accepts the proposed amended complaint, that pleading will replace the original Complaint, and Defendants will be required to respond only to the allegations and claims raised in the amended complaint. The Court will then extend Mr. Hart's deadline to serve Defendants to an appropriate date. If Mr. Hart does not file an amended complaint or otherwise respond to the Apr. 22 Order, the undersigned will recommend that the Honorable Katherine Polk Failla dismiss this action for failure to prosecute and/or failure to state a claim. See <u>Miller v. Abusive Members Within City (State) of New York</u>, No. 19 Civ. 10904 (CM), 2020 WL 917258, at *2 ("Because Plaintiff's complaint does comply with Rule 8, it does not state a claim. The Court therefore dismisses this action for failure to state a claim on which relief may be granted.").

The Clerk of Court is respectfully directed to (1) seal ECF No. 33, designating it as visible only to the selected parties and the Court, (2) close ECF Nos. 28, 29, and 33, and (3) mail a copy of this Order to Mr. Hart.

Dated:      New York, New York
            April 25, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4