UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON HART,

Plaintiff,

-v.-

FEDERAL BUREAU OF INVESTIGATION; DIRECTOR CHRISTOPHER A. WRAY; ANDREW VALE, *Former Special Agent in Charge of the Albany FBI Field Office*; ROBERT M. DEWITT, *Special Agent in Charge Charlotte, NC Field Office*; IC3 UNIT OF THE FBI; and JONATHAN M. WARREN,

Defendants.

25 Civ. 781 (KPF)

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

KATHERINE POLK FAILLA, District Judge:[1]

Pending before the Court is the June 10, 2025 Report and Recommendation (the "Report" (attached)) of Magistrate Judge Sarah L. Cave. (Dkt. #37). In the Report, Judge Cave recommended dismissing the action *sua sponte* for failure to state a claim, pursuant to Federal Rule of Civil Procedure 8(a)(2), and for failure to comply with court orders, pursuant to Federal Rule of Civil Procedure 41(b). (Report 1, 9). Judge Cave also recommended that the Court deny leave to amend the complaint for a third time, to the extent such amendment had been implicitly requested. (*Id.* at 8). *Pro se* Plaintiff Brandon Hart ("Plaintiff") filed objections to the Report on June 23, 2025; broadly speaking, Plaintiff contended that he had adequately stated a claim in accordance with Rule 8(a)(2) and in light of the generous pleading standard

---

1 The Clerk of Court is directed to modify the caption of the case as shown above, to reflect the correct name of the Federal Bureau of Investigation (the "FBI").

accorded to *pro se* litigants. (*See* Dkt. #38). After careful consideration of the Report and Plaintiff's objections, the Court adopts the Report in full.

## BACKGROUND[2]

### A. Factual Background

The Court provides a brief discussion of the relevant facts herein, drawing from the Report as well as Plaintiff's Proposed Amended Complaint ("PAC" (Dkt. #36)). Plaintiff's claims rest primarily on the assertion that the FBI and other government actors acted negligently by failing to investigate or to prevent harms perpetrated against him and his family. (PAC 3-8). As part of the allegedly violent campaign against his family, Plaintiff asserts that he and his children were drugged "non stop" and poisoned by unknown actors. (*Id.* at 4, 6-8, 12-13, 15, 25-26, 34, 39, 49-50, 52-53). The alleged assailants also "blocked" Plaintiff's ability to "meet[ ] women" on various dating websites, "which cause[d] a downward spiral" in his personal and romantic life (*id.* at 25, 36); tampered with his electronics (*id.* at 6, 27, 35); and "put out" five of his businesses (*id.* at 4). According to Plaintiff, the FBI "kn[ew] who [his] assailants [we]re" and yet ignored his complaints (*id.* at 5). Plaintiff asserts a host of other far-fetched allegations that are difficult to distill into one, cogent theory.

---

2 For ease of reference, the Court refers to Plaintiff's proposed amended complaint as the "PAC" (Dkt. #36), to Magistrate Judge Sarah L. Cave's Report and Recommendation as "Report" (Dkt. #37), and to Plaintiff's objections to the Report as "Pl. Obj." (Dkt. #38).

**B. Procedural Background**

This action is one of several similar suits filed by Plaintiff, first in North Carolina and then in New York. *See, e.g.*, *Hart* v. *FBI*, No. 24 Civ. 500 (MOC), 2024 WL 4009646 (W.D.N.C. Aug. 30, 2024) (dismissed for failure to administratively exhaust his claims and for failure to state a claim); *Hart* v. *FBI*, No. 24 Civ. 7423 (LGS), 2025 WL 1024521 (S.D.N.Y. Apr. 7, 2025) (dismissed for failure to serve defendants); *Hart* v. *Indeed, Inc.*, No. 25 Civ. 1394 (BKS) (CBF), 2026 WL 1328322 (N.D.N.Y. May 13, 2026) ("*Hart III*") (dismissed for failure to satisfy the pleading requirements and for bringing a frivolous action). Each action largely turns on the argument that "unspecified actors have caused Plaintiff, his family, or his business some degree of harm, and that the FBI has failed to investigate or assist him." *Hart III*, 2026 WL 1328322, at *2.

In the instant action, Plaintiff filed his original complaint on January 27, 2025, asserting claims under the Federal Tort Claims Act (the "FTCA"). (Dkt. #1 at 2-3). The complaint was 201 pages long, difficult to follow, and laden with information extraneous to Plaintiff's core allegations against the FBI and the various entities and individuals associated with the FBI. (*See generally id.*). On March 13, 2025, Plaintiff filed an amended complaint twice (*see* Dkt. #14-15), along with a host of additional, disjointed submissions (*see* Dkt. #16-26). The Court referred the matter to Magistrate Judge Sarah L. Cave for general pretrial supervision. (Dkt. #27).

On April 10, 2025, and April 16, 2025, Plaintiff filed another flurry of motions that Magistrate Judge Cave construed as a motion for leave to amend the complaint (Dkt. #28) and a motion for an expedited hearing regarding Plaintiff's discovery requests (Dkt. #29). (*See* Dkt. #32 at 1 (Judge Cave's April 22, 2025 Order)). Judge Cave permitted Plaintiff to file a proposed amended complaint ("PAC"), but cautioned him "not [to] file another overlength and disorganized collection of documents." (*Id.* at 6). More specifically, Judge Cave admonished Plaintiff regarding acceptable pleading requirements:

> In other words, to comply with this Order, Mr. Hart must file a single [PAC] containing a "short and plain statement" of his claims and focusing on what he alleges happened to him, who he claims is responsible, why he believes those individuals are responsible, and how he has been affected. The [PAC] should not focus on aspects of Mr. Hart's personal life that are unrelated to the allegations he raises against the FBI and federal officials, and Mr. Hart should not say in 200 pages what can be said in 20.

(*Id.* at 7). Judge Cave put Plaintiff on notice that "[i]f [he] d[id] not file an amended complaint or otherwise respond to this Order, the undersigned w[ould] recommend that the Honorable Katherine Polk Failla dismiss this action for failure to prosecute and/or failure to state a claim." (*Id.* at 7-8). In that same Order, Judge Cave declined to hold an expedited discovery hearing, deeming the request premature because Defendants had not appeared in the action. (*Id.* at 8). To date, no Defendant has appeared in this case.

On April 23, 2025, one day after Judge Cave's Order, Plaintiff filed another submission captioned as a motion for a protective order. (Dkt. #33).

In substance, however, the 47-page motion attempted to add more claims and "divert[ed] from the factual narrative relevant to [Plaintiff's] original claim that the [FBI] failed to intervene or investigate wrongdoing he claims to have suffered since 1997." (Dkt. #34 at 1-2 (April 25, 2025 Order)). To the extent that "Mr. Hart [was] attempting to amend his Complaint" via this motion, Judge Cave determined that "th[e] submission fail[ed] to comply with [the] Federal Rules of Civil Procedure." (*Id.* at 2). Judge Cave again instructed Plaintiff to "offer a 'short and plain statement' of [his] claims," and encouraged Plaintiff "to be more succinct in his anticipated [PAC]." (*Id.* at 1). For the second time, Judge Cave cautioned that "[i]f [Plaintiff] d[id] not file an amended complaint or otherwise respond to the Apr. 22 Order, the undersigned w[ould] recommend that the Honorable Katherine Polk Failla dismiss this action for failure to prosecute and/or failure to state a claim." (*Id.* at 3).

One month later, on May 23, 2025, Plaintiff filed his PAC. (Dkt. #36). The PAC adds Assistant United States Attorney Jonathan M. Warren of the Western District of North Carolina as a Defendant in the case (*id.* at 42-47), along with the FBI; the IC3 Unit of the FBI; the former FBI Director, Christopher A. Wray; the former Special Agent in Charge of the FBI's Albany field office, Andrew Vale; and the Special Agent in Charge of the FBI's Charlotte, North Carolina field office, Robert M. Dewitt (*id.* at 1-2). The 84-page complaint contains 21 reasons that Plaintiff is suing the FBI for monetary and punitive damages, followed by 35 numbered paragraphs that seemingly reiterate these reasons. (*See generally id.*).

On June 10, 2025, Judge Cave issued the Report. (Report). In the Report, Judge Cave recommended dismissing the action with prejudice for (i) failure to state a claim adequately, pursuant to Federal Rule of Civil Procedure 8(a)(2), and (ii) failure to comply with her April 22, 2025 and April 25, 2025 Orders, pursuant to Federal Rule of Civil Procedure 41(b). (*Id.* at 1, 9). In addition, Judge Cave recommended that this Court deny Plaintiff leave to amend the PAC as futile. (*Id.* at 8). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Plaintiff was allowed fourteen days from the date of service of the Report to file objections. (*Id.* at 9).

On June 23, 2025, thirteen days after the Report was published, Plaintiff submitted his objections. (*See generally* Pl. Obj.). Plaintiff raised thirteen objections; the most relevant contends that the PAC satisfies Rule 8's pleading standards when liberally construed in view of his *pro se* status. (*See id.* at 5-6). Further, Plaintiff argues that (predominantly) North Carolina case law supports his position, and that the "[s]urrounding [e]vidence" satisfies the preponderance standard, entitling him to both economic and non-economic damages. (*Id.* at 5, 7-12). Plaintiff's remaining objections reiterate his claims against Defendants with irrelevant embellishment, including "[d]eath [t]hreats and [a]ttempts previously stated" in the PAC, "USPS … [m]ail [t]ampering and [f]ederal [c]rimes," "[b]usiness [b]lockade [c]laim," "[f]ederal [c]rimes and [c]rimes [c]rossing [s]tate [l]ines," "[p]ersonal/[r]omantic/[s]ocial [r]elationship [i]llegal [i]nterference," "[i]nternet [i]llegal [i]nterference," "[p]oisoning," and general interference in his federal lawsuit. (*Id.* at 5, 12-19 (emphasis omitted)).

## DISCUSSION

### A. Applicable Law

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States* v. *Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "If a party fails to properly object to the [report and recommendation], the district judge reviews the [report and recommendation] only for clear error." *Nambiar* v. *Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). A district court may also review for clear error when a party's "objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Knight* v. *City of New York*, 164 F.4th 173, 177 (2d Cir. 2026) (quoting *Nambiar*, 158 F.4th at 361); *see also Miller* v. *Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

By contrast, a district court reviews *de novo* "those portions of the Report … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *Nambiar*, 158 F.4th at 358-61; *Miller*, 43 F.4th at 120. Even if a litigant raises objections that "repeat an argument raised before the magistrate judge," they should be considered *de novo* so long as the litigant "take[s] issue with a specific legal conclusion in the report and recommendation." *Knight*, 164 F.4th at 177 (quoting *Nambiar*, 158 F.4th at 361). But courts "need not conduct a *de novo* hearing on the matter." *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 69 (S.D.N.Y. 2019). "It is sufficient

that the Court 'arrive at its own independent conclusion regarding those portions of the report to which objections are made.'" *City of Almaty* v. *Sater*, No. 19 Civ. 2645 (JGK), 2022 WL 1555542, at *2 (S.D.N.Y. May 16, 2022) (quoting *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d at 69).

## B. Analysis

### 1. The Court Dismisses the Action for Failure to Comply with Rule 8(a)(2)

As a preliminary matter, the Court liberally construes Plaintiff's *pro se* objections to the Report and reviews them *de novo*. *See Knight*, 164 F.4th at 177; *see also Nambiar*, 158 F.4th at 361; *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). In the Report, Judge Cave provided two bases to dismiss the PAC. *First*, Judge Cave found that Plaintiff had failed to state a claim because the PAC was "prolix and fails to comply with [Federal] Rule [of Civil Procedure] 8." (Report 6). *Second*, Judge Cave determined that Plaintiff had failed to comply with her April 22, 2025 and April 25, 2025 Orders to "clarify[ ] and succinctly summariz[e] his allegations" when he "submit[ed] the prolix PAC." (*Id.* at 7-8). This failure to comply with court orders provided alternative grounds for dismissal under Federal Rule of Civil Procedure 41(b). (*Id.*). After careful consideration of the Report and Plaintiff's objections, the Court agrees with Judge Cave's recommendation and dismisses the PAC as deficient under Rule 8(a)(2).

Addressing the two bases for dismissal in reverse order, the Court agrees with Judge Cave that Plaintiff failed to comply with her court orders, but does

not go so far as to dismiss the case solely pursuant to Federal Rule of Civil Procedure 41(b). The Second Circuit has determined that Rule 41(b) authorizes *sua sponte* dismissal of an action if a plaintiff "fails to prosecute or to comply with the[ ] rules or a court order." Fed. R. Civ. P. 41(b); *see LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). In weighing whether to dismiss on Rule 41(b) grounds, a court considers: (i) the duration of the plaintiff's failure to comply with court orders; (ii) whether he received notice that further delay would result in dismissal; (iii) defendants' prejudice from further delay; (iv) the balance between alleviating court calendar congestion and protecting the plaintiff's right to due process; and (v) the efficacy of lesser sanctions. *Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Here, the PAC is long-winded, difficult to parse, and directly in contravention to Judge Cave's repeated requests that Plaintiff provide a "short and plain statement" of his claims. (Dkt. #34 at 1; *see also* Dkt. #32 at 7). *See Baptiste*, 768 F.3d at 216 (quoting *Lucas*, 84 F.3d at 535). Plaintiff received notice that further delay in offering a viable PAC would result in dismissal (*see* Dkt. #32 at 8-9; Dkt. #34 at 3), and Judge Cave afforded Plaintiff due process by allowing him multiple opportunities and thorough instructions on amendment (*see id.*). Tellingly, Plaintiff does not directly take issue with Judge Cave's dismissal of his lawsuit on Rule 41(b) grounds, despite raising thirteen objections to her Report. Instead, Plaintiff uses his objections as another vehicle for airing grievances against Defendants, explaining (ironically, at

considerable length) "why [his] complaint has been so lengthy." (Pl. Obj. 4). But while the Court joins Judge Cave in finding that Plaintiff violated her court orders, given the nature of those orders, it concludes that Rule 41(b) is perhaps better construed as a supplemental, rather than an independent, basis for dismissal in this case. *See LeSane*, 239 F.3d at 209 (noting that a Rule 41(b) dismissal remains "a harsh remedy to be utilized only in extreme situations" (internal quotation marks and citation omitted)).

In this Court's estimation, the more compelling basis for dismissal is Plaintiff's failure to comply with Federal Rule of Civil Procedure 8(a)(2). That rule requires a "short and plain statement" showing that the pleader is entitled to relief. "To satisfy this standard, the complaint must at a minimum 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Harnage* v. *Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay* v. *Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." *Id.* (quoting *Salahuddin* v. *Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). But dismissal under Rule 8 is also "appropriate in 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Salahuddin*, 861 F.2d at 42).

In his objections, Plaintiff contends that the PAC satisfies Rule 8, and that even if the PAC fell short, his *pro se* status would afford him enough leniency to save his action from dismissal. (*See* Pl. Obj. 5-6). Plaintiff is correct that the Court is obliged to construe *pro se* pleadings liberally, *see Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman*, 470 F.3d at 474 (internal quotation marks and citations omitted). But this "special solicitude" in *pro se* cases has its limits. *Id.* at 475 (internal citation omitted). As relevant here, "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Harnage*, 916 F.3d at 141 (quoting *Wynder* v. *McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004)).

Even when construing the PAC liberally and according Plaintiff "special solicitude," *see Triestman*, 470 F.3d at 475 (internal citation omitted), the Court finds that the PAC does not satisfy the pleading requirements of Rule 8(a)(2). The PAC is disjointed, difficult to parse, and entirely conjectural as to the alleged conspiracy to cause Plaintiff and his family harm. *See Salahuddin*, 861 F.2d at 42. Setting aside the salacious nature of Plaintiff's allegations, what proves fatal to the PAC is its failure to synthesize its multifarious allegations into a coherent, cognizable legal claim. For example, the PAC recounts several unrelated instances in which Plaintiff or his family were placed in harm's way, or his businesses were interrupted, but never identifies (and, indeed, could never identify) how each Defendant is responsible for these acts. (*See* Report 6). Similarly, the PAC faults Defendants for ignoring

Plaintiff's complaints to law enforcement without articulating any legal basis for liability. (*Id.*). Even if the Court were to interpret the PAC as alleging an FTCA claim — the cause of action asserted in the original complaint but omitted from the PAC (*see* Dkt. #1 at 2-3; *see also* Pl. Obj. 3, 8-9 (discussing liability under the FTCA)) — Judge Cave correctly noted that such claim would fail "because New York does not recognize a cause of action for negligent investigations" (Report 6 n.1). *See Ellsworth* v. *City of Gloversville*, 703 N.Y.S.2d 294, 296-97 (3d Dep't 2000) ("It is well settled that an action for negligent arrest and investigation does not exist in the State of New York."); *see generally DeShaney* v. *Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 19 (1989) ("But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.").

Plaintiff's *pro se* status cannot excuse the defects in his pleadings, and his objections do nothing to explain or resolve the illogic of the PAC. (*See, e.g.*, Pl. Obj. 10 ("It would be impossible for any person or jury to see that I have been railroaded for the past 10 ten years"); *see also, e.g.*, *id.* at 11 ("Thes[e] are the reasons why I have given my resume that seems to be unnecessary … I am

not a person who is making false claims or has any type of delusions of grandeur or any type."); *id.* at 14 ("I should not have to reiterate the business blockade against me which is evident to even children who would be on the Jury to believe without showing one shred of evidence and provided legal cases of surmounting evidence, and preponderance of evidence showing a winning verdict, although most of my claims are proven once investigated.")). Accordingly, the Court adopts Judge Cave's recommendation that it dismiss the PAC for failure to state a claim pursuant to Rule 8(a)(2).

**2. The Court Denies Plaintiff Leave to Amend**

Judge Cave also considered whether to grant Plaintiff leave to amend the complaint for a third time. (*See* Report 8). Plaintiff does not formally request leave to amend in his objections, but for the sake of completeness, the Court considers the propriety of amendment. A court should freely grant a party leave to amend, especially in view of a party's *pro se* status. *See* Fed. R. Civ. P. 15(a)(2). However, leave may be also denied if amendment would be futile. *See, e.g.*, *Knife Rights, Inc.* v. *Vance*, 802 F.3d 377, 389 (2d Cir. 2015). Amendment is futile if the "amended portion of the complaint would fail to state a cause of action." *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *cf. Kassner* v. *2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

In this case, any application for amendment would fail because Plaintiff does not and cannot specify how amendment would sharpen the scattered array of allegations within the PAC. *See TechnoMarine SA* v. *Giftports, Inc.*, 758

F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify either to the district court or to the court of appeals how amendment would cure the pleading deficiencies in its complaint."). Judge Cave has given Plaintiff two opportunities to amend his complaint (*see* Dkt. #14-15, 36) and repeated instruction on how to conform his pleadings to Rule 8 (*see* Dkt. #32, 34), but each "successive pleading[ ] remain[s] prolix and unintelligible," *Salahuddin,* 862 F.2d at 42. *See also Prezzi* v. *Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of "equally prolix" amended *pro se* complaint after granting leave to amend original complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension") (per curiam). Though cognizant of Plaintiff's *pro se* status, the Court is confident that a third chance to amend will prove equally futile. Accordingly, the Court denies Plaintiff's request for leave to amend his complaint.

## CONCLUSION

For the above reasons, and with appreciation to Judge Cave for her thoughtful analysis, the Court ADOPTS the Report and Recommendation in full, DISMISSES the PAC, and DENIES with prejudice leave to amend the complaint.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: September 21, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRANDON HART,

Plaintiff,

-v-

FEDERAL BUREAU OF INVESTIGATION, et al.,

Defendants.

CIVIL ACTION NO. 25 Civ. 781 (KPF) (SLC)

**REPORT AND RECOMMENDATION**

**SARAH L. CAVE**, United States Magistrate Judge.

**TO THE HONORABLE KATHERINE POLK FAILLA**, United States District Judge:

## I. INTRODUCTION

Plaintiff Brandon Hart ("Mr. Hart") brings this pro se action against the Federal Bureau of Investigation ("FBI") and various FBI officials for failing to protect him and his family. (See ECF No. 36). For the following reasons, we respectfully recommend that Mr. Hart's Proposed Amended Complaint ("PAC") be dismissed sua sponte for failure to state a claim pursuant to Federal Rule of Civil Procedure 8(a)(2) and failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

## II. BACKGROUND

### A. Factual Background

The PAC names the following Defendants: (1) the FBI; (2) IC3 Unit of the FBI; (3) former FBI Director, Christopher A. Wray; (4) former Special Agent in charge of the FBI's Albany field office, Andrew Vale; (5) Special Agent in Charge of the FBI's Charlotte, North Carolina field office, Robert M. Dewitt; and (6) Assistant United States Attorney in the Western District of North

Carolina, Jonathan M. Warren ("AUSA Warren") (together, "Defendants"). (ECF No. 36 at 1–2). Although unclear in the PAC, Mr. Hart appears to assert claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671. (ECF No. 1 at 2–3).

The PAC is 84 pages long and organized into 21 "reasons" that Mr. Hart is suing the FBI for monetary and punitive damages, followed by 35 numbered paragraphs that reiterate these same "reasons." (See ECF No. 36). The premise of the PAC is that the FBI was "negligent" in protecting him and his children by failing to investigate a series of threats and attempts to harm him and his children by unspecified individuals. (See Id.). Mr. Hart alleges that he has called the FBI "over 50 times" regarding these threats or attempts at harm, but each time the FBI hangs up on him. (Id. at 6, 23). Mr. Hart asserts various examples of complaints he made to the FBI that the FBI never investigated. For example, he reported that he and his children were drugged and poisoned multiple times, causing their legs and calves to become swollen (id. at 4, 6–8, 12–13, 15, 25–26, 34, 39, 49–50); he and his children were victims of an attempted murder (id. at 6, 15, 23–24, 26–29, 37, 39, 40, 43); he was recruited by "organized crime" to work as a professional illegal basketball referee (id. at 21–22); he was "blocked in meeting women" on various dating websites, causing a "downward spiral" in his life (id. at 25, 36); his electronics were tampered with (id. at 6, 27, 35); and he was "put out of five business[es]" since he started complaining to the FBI. (Id. at 4).

The PAC also includes a host of extraneous information including a list of projects that he has worked on and bid for (id. at 16-20), and "medical literature" regarding symptoms of poisoning. (Id. at 36). Furthermore, the PAC contains exhibits irrelevant to Mr. Hart's claims. For example, he attached a letter from a funeral home addressed to "The Hart Jr. Family," which he

interpreted as a death threat (id. at 64), as well as a "false arrest document" from an apparent encounter with police who found him sleeping in his vehicle in a vacant parking lot. (Id. 80–84). Furthermore, Mr. Hart mentions facts about his personal life that serve no purpose in supplementing his complaints, including the assertion that he was a "top athlete in High School" and he was certified as a group fitness instructor. (Id. at 12). The PAC seems to be an unorganized, lengthy, and repetitive accounting of random events that Mr. Hart experienced but have no bearing on Defendants.

**B. Procedural History**

On January 27, 2025, Mr. Hart filed the original complaint, which was 201 pages long, lacked numbered paragraphs, and contained much unnecessary information unrelated to his allegations that Defendants failed to protect him and his family. (See ECF No. 1). On April 10, 2025, Mr. Hart filed the Motion for Leave to Amend, through which he sought to amend the Complaint to include claims against AUSA Warren. (ECF No. 28 at 1–47). The Motion to Amend contained: (1) a "Sworn Affidavit" that set forth 21 reasons Mr. Hart believes the Court should hold a hearing regarding his claims in this suit and the dismissal of his previous actions (see id.); (2) a series of questions that Mr. Hart requests the Department of Justice be compelled to answer (id. at 48–74); (3) several exhibits; and (4) a statement summarizing the alleged malfeasance he has faced. (Id. at 381–90). On April 16, 2025, Mr. Hart filed the Motion for an Expedited Hearing, in which he expressed concern for his safety and that of his family and reiterated many of the allegations contained in the Complaint. (ECF No. 29 at 1–12).

On April 22, 2025, the Court ordered Mr. Hart to file a single proposed amended complaint that would comply with Federal Rule of Civil Procedure 8. (ECF No. 32 ("Apr. 22

Order")). Specifically, the Court directed Mr. Hart to a file "short and plain statement of his claims […] focusing on what he alleges happened to him, who he claims is responsible, why he believes those individuals are responsible, and how he has been affected. (Id. at 7). The Court instructed Mr. Hart that "[t]he proposed amended complaint should not focus on aspects of Mr. Hart's personal life that are unrelated to the allegations he raises against the FBI and federal officials, and Mr. Hart should not say in 200 pages what can be said in 20." (Id. at 7). On April 25, 2025, the Court denied Mr. Hart's request for a protective order and reminded him of the requirement to file a single proposed amended complaint as instructed in the Apr. 22 Order. (ECF No. 34 ("Apr. 25 Order")).

On May 23, 2025, Mr. Hart filed the PAC which—as described above—despite the Court's Apr. 22 and Apr. 25 Orders, is 84 pages long, includes large blocks of single-spaced text that often take up an entire page, attaches multiple unnecessary exhibits, and contains lengthy discussions of various personal issues from which it is virtually impossible to discern the nature of Mr. Hart's claims and the relief he seeks. (ECF No. 36).

## III. DISCUSSION

### A. Standard of Review

#### 1. Failure to State a Claim

The Court has the authority to dismiss a complaint sua sponte if it determines that the action fails to state a claim on which relief may be granted. See Miller v. Abusive Members Within City (State) of New York, No. 19 Civ. 10904 (CM), 2020 WL 917258, at *1 (S.D.N.Y. Feb. 25, 2020). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

Court may dismiss a complaint sua sponte under Rule 8 where it is prolix and "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); see O'Neil v. Ponzi, 394 F. App'x 795, 796 (2d Cir. 2010) (summary order) (affirming sua sponte dismissal of prolix complaint). "Complaints which ramble, which endlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with [the goals of Rule 8]." Pappanikolaou v. New York City, No. Civ.A.CV-01-865 (DGT), 2005 WL 1661649, at *10 (E.D.N.Y. July 14, 2005) (quoting Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y.1972)).

The Court is obliged, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest claims that they suggest." Andersen v. Young & Rubicam Adver., 487 F. App'x 675, 676 (2d Cir. 2012) (summary order) (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006)).

**2. Failure to Comply with Court Orders**

Federal Rule of Civil Procedure 41(b) authorizes the court to dismiss an action sua sponte if a plaintiff "fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); see Murray v. Smythe, No. 18 Civ. 4705 (KMK), 2020 WL 4482644, at *2 (S.D.N.Y. Aug. 3, 2020). In determining whether to do so, the Court considers: (i) the duration of the plaintiff's failure to comply with court orders; (ii) whether he received notice that further delay would result in dismissal; (iii) defendants' prejudice from further delay; (iv) the efficacy of lesser sanctions; and (v) the balance between "alleviat[ing] court calendar congestion" and protecting the plaintiff's right to due process. See Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

**B. Application**

**1. Failure to State a Claim**

Even when given the "special solitude" that is afforded pro se pleadings, Triestman, 470 F.3d at 476, a pro se pleading must still comply with Rule 8. The PAC, which spans 84 pages and contains lengthy, repetitive paragraphs and multiple exhibits, is prolix and fails to comply with Rule 8. It describes a variety of unrelated instances where Mr. Hart or his family have been placed in danger, or one of his businesses was interrupted, but fails to assert which Defendant is responsible for which acts. (See ECF No. 36). Mr. Hart faults the Defendants for not investigating his complaints, particularly for hanging up on his calls when trying to report any one of his myriad grievances, but does not explain any legal basis on which they could be held liable. (Id.). The Court is not required to sift through Mr. Hart's lengthy and confusing allegations to do the work of refining them into a cognizable claim. Miller, 2020 WL 917258, at *2.[1] Because Mr. Hart's PAC is prolix and fails to set forth a short and plain statement of any cognizable claim, we respectfully recommend that this action be dismissed for failure to state a claim. See, e.g., O'Neil, 394 F. App'x at 796 (affirming sua sponte dismissal of prolix and frivolous complaint); The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc., No. 17 Civ. 3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit

[1] Although Mr. Hart's original Complaint cited the FTCA, the PAC does not. (Compare ECF No. 1 at 2–3 with ECF No. 36). In any event, the PAC does not contain any actionable FTCA claims because New York does not recognize a cause of action for negligent investigations. See Robinson v. United States, 332 F. Supp. 3d 516, 527-528 (E.D.N.Y. 2018) (dismissing FTCA claim for lack of subject matter jurisdiction where the private analogue of the claim was negligence because New York state law does not recognize causes of action for negligent investigation or prosecution).

have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory."); Azzarmi v. Neubauer, No. 20 Civ. 9155 (KMK), 2023 WL 6255678, at *3 (S.D.N.Y. Sept. 26, 2023) (dismissing a more than 500 page complaint as "precisely the sort of pleading that leaves the defendant forced to select the relevant material from a mass of verbiage").

**2. Failure to comply with Court orders**

Considering the factors in section III.a.2. supra, the Court concludes that Mr. Hart has failed to comply with the Court's Apr. 22 and 25 Orders, which provided him clear instructions about what his PAC should—and should not—contain. Notably, the Apr. 22 Order instructed Mr. Hart not to "file another overlength and disorganized collection of documents . . . [but rather] a single amended complaint that (1) contains all of the facts supporting his claims and (2) complies with the Federal Rules of Civil Procedure." (ECF No. 32 at 6). The Court added:

> In other words, to comply with this Order, Mr. Hart must file a single proposed amended complaint containing a "short and plain statement" of his claims and focusing on what he alleges happened to him, who he claims is responsible, why he believes those individuals are responsible, and how he has been affected. The proposed amended complaint should not focus on aspects of Mr. Hart's personal life that are unrelated to the allegations he raises against the FBI and federal officials, and Mr. Hart should not say in 200 pages what can be said in 20. Finally, although Mr. Hart may file exhibits with any proposed amended complaint, he should not expect the Court or Defendants to interpret them in an effort to articulate or manufacture claims for him.

(Id. at 7). We also reminded Mr. Hart to comply with Rule 8 and follow the guidance he was given in the Apr. 22 Order in amending his complaint. (See ECF No. 34). Finally, we twice warned Mr. Hart that failure to comply with the Court's instructions would result in a recommendation to the District Judge to dismiss the action for failure to prosecute and/or failure to state a claim. (Id. at 4; ECF No. 32 at 8-9).

By submitting the prolix PAC after being repeatedly reminded of the importance of clarifying and succinctly summarizing his allegations, Mr. Hart has failed to abide by the Court's orders, which justifies dismissal for failure to prosecute. See Chidume v. Greenburgh-North Castle Union Free Sch. Dist., No. 18 Civ. 1790 (PMH), 2021 WL 195948, at *2–3 (S.D.N.Y. Jan. 20, 2021) (dismissing case for failure to prosecute under Rule 41(b) where plaintiff failed to comply with two Court orders and was previously warned that failure to comply would result in dismissal); Jacobs v. Cnty. Of Westchester, No. 99 Civ. 4976 (WCC), 2008 WL 199469, at *5 (S.D.N.Y. Jan. 22, 2008) (finding that pro se plaintiff's non-compliance with multiple court orders weighed in favor of dismissal). Accordingly, we respectfully recommend that Mr. Hart's failure to comply with Rule 41(b) provides an alternative ground for dismissal of this action.

**C. Further Leave to Amend**

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. Hill v. Curcione, 657 F.3d 116, 123–24 (2d Cir. 2011); see e.g., Gordon v. New York Police Dep't, No. 18 Civ. 8108 (LLS), 2018 U.S. Dist. LEXIS 171260, at *3 (S.D.N.Y. Oct. 1, 2018) (denying leave to amend following sua sponte dismissal of frivolous and prolix complaint); McFadden v. Pataki, No. 17 Civ. 1048 (CM), 2017 WL 4350591, at *6 (S.D.N.Y. July 17, 2017) (same). The Court may also dismiss a verbose complaint without leave to amend "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." Salahuddin, 862 F.2d at 42. Here, the Court has already given Mr. Hart the opportunity to cure the defects in his original Complaint, but Mr. Hart has failed to follow the Court's Orders. Accordingly, we respectfully recommend that leave to amend be DENIED.

## IV. CONCLUSION

For the reasons set forth above, we respectfully recommend that this action be DISMISSED with prejudice for failure to state a claim on which relief can be granted, Fed. R. Civ. P. 8(a)(2), and for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

Dated: New York, New York
June 10, 2025

**SARAH L. CAVE**
**United States Magistrate Judge**

* * *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Failla.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985). If Mr. Hart does not have access to cases cited in this Report and Recommendation that are reported on Westlaw, he may request copies from Defendants' counsel. See Local Civ. R. 7.2.